### KING PHILIP MILLS v. KIP-ARMSTRONG CO.

(Circuit Court of Appeals, First Circuit.  October 28, 1904.)

No. 553.

1. PATENTS—INFRINGEMENT—WARP STOP-MOTION FOR LOOMS.

The Baker patent, No. 595,688, for an electrical warp stop-motion for looms, claim 5, the essential feature of which is a rotary contact-bar for the circuit-closers to engage, when construed in the light of the specification, is limited, as to such feature, to a bar which rotates automatically, and is not infringed by a device in which such bar has no connection with any motive power, although it is movable on its axis and capable of manual rotation.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 130 Fed. 28.

George L. Roberts, Charles F. Richardson, and Jackson, Slade & Borden, for appellant.

Harold Binney and Dickerson, Brown, Raegener & Binney, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge.  This is a bill brought for relief against an alleged infringer of the fifth claim of letters patent No. 595,688, issued to William H. Baker on December 21, 1897, entitled "Warp Stop-Motion for Looms."  The Circuit Court, after hearing on bill, answer, and proofs, entered an interlocutory decree in favor of the complainant, and thereupon the King Philip Mills, the respondent, appealed to us.

The general facts are sufficiently stated in the opinion passed down by the learned judge who heard the case below.  The claim in issue is as follows:

"(5) In an electrical warp stop-motion for looms, the combination with the thread-supported circuit-closers, of a rotary contact-bar for said circuit-closers to engage, a circuit embracing said bar and closers, and electrically-controlled clutch-shipping mechanism."

The patentee does not, and could not successfully, maintain that he is entitled to cover broadly an electrical warp stop-motion for looms; and the advance in the art which is represented by this patent is contained in that element in the claim covered by the words "of a rotary contact-bar for said circuit-closers to engage."  In reference to this element, the specification contains the following:

"The contact-piece which co-operates with the contact-arms, and is here indicated $e^7$, is rotated in suitable bearings by means of a belt, $e^8$, driven by a shaft, $e^9$, which is rotated by the power of the loom.  The object of rotating the contact-piece, $e^7$, is to prevent interference with an operative electrical

contact by particles of lint deposited on the contact-piece, the rotation of the contact-piece causing any lint that may have been deposited thereon to be scraped away by a contact-arm when the latter drops upon the contact-piece."

In our view, the invention, as it lay in the mind of the patentee, was a rotary bar, kept in continuous motion by a belt and shaft co-operating with the rest of the mechanism, or by the equivalent thereof, thus making the entire combination and its operation automatic, with the incidental result that the contact-arms remove automatically; and by concomitant action, any lint which may interfere with an operative electrical contact, all as stated in the specification. The bar used by the respondent is movable on its axis, so that it may be rotated if an attempt is made so to do; but it is not connected with the other mechanism, either by a belt and shaft, or the equivalent of either, and is incapable of rotation, except manual. Therefore it contains nothing of the automatic feature present in the mind of the patentee as his invention. Indeed, if the claim can be construed so broadly as to cover mere manual rotation, it would clearly follow that, as the contact-bar is the only new feature, the claim could not represent a patentable novelty. In our view of the invention in suit, this is not a case in which the doctrines of preferable method, or of an inventor building better than he knew, have any application. We think the claim, read in connection with the specification, points out with clearness the whole invention as it lay in the mind of the inventor, and as we have described it. He is entitled to all the advantages of that invention, and all the results which flow from it, and nothing more.

We are therefore constrained to hold that in no view of the record can the decree against the respondent be affirmed.

The decree of the Circuit Court is reversed, the case is remanded to that court with directions to dismiss the bill, with costs for the respondent, and the appellant recovers its costs of appeal.